L. DeW. GERHARDT *v.* BOARD OF CANVASSERS *et al.*

(No. 7514)

Submitted December 15, 1932.    Decided December 17, 1932.

H. A. Downs and J. O. Henson, for relator.
Harry H. Byrer, for respondents.

MAXWELL, JUDGE:

At the recent election, the relator, Gerhardt, was the Republican candidate for clerk of the circuit court of Berkeley county and the respondent, Morton, was his Democratic opponent. Upon a recount of the ballots, Morton was elected by a majority of 39 votes. Gerhardt asks in this proceeding

to have 215 Morton ballots rejected because the signature of a Republican poll clerk at one of the precincts was affixed thereon with a rubber stamp. Other matters are averred in the petition but were abandoned on argument.

The testimony of the clerk shows that he procured the stamp two to three years ago and that its imprint was a facsimile of his handwriting when made; that his shoulder had been thrown out of place some ten days before the election; that he was apprehensive he could not do all of the writing incumbent on him as clerk, so he used the stamp on the ballots in order to preserve his strength; that he personally stamped every ballot which was voted, and considered the impression made by the stamp thereon as his signature.

There was no actual fraud. That is a concessum. No ballots were voted except those upon which the Democratic clerk wrote his name, and the Republican clerk placed his name with a rubber stamp facsimile of his signature. Are these ballots valid, or must they be discarded because the Republican clerk did not write his name with a pen or pencil?

Under the statute as it stood for some time prior to 1931, the requirement was that "each poll clerk shall personally write his name in ink" on the back of the ballot. Code 1923, ch. 3, sec. 34. This phraseology was changed by the Code of 1931. Thus, the present requirement: "Each poll clerk shall personally sign his name on the back of the ballot * * *." Code 1931, 3-5-18. There is clear distinction, in both the strict legal sense and in a non-technical sense, between the phrases *write his name* and *sign his name*. The former is restricted and embodies the idea only of the inscribing of one's name with a pen, pencil or other similar instrument. The second expression is broader. It is inclusive not only of the writing of one's name but of the employing a scroll, seal, stamp and the like. See approved dictionaries for definitions of *signature*. It must be presumed that the legislature made the change of the phraseology with full knowledge of the difference in the meaning of the words, and therefore with intent that the word of broader meaning should supplant the narrower one. But this statute, as it first stood, and as amended, may not alone be considered in this matter. There is another statute which must be taken into account. Does

it contravene the deduction thus made from the said legislative change from *writing* to *signing?*

In the statutory rules for construction of statutes, we find:

> "The words 'written' or 'in writing' include any representation of words, letters or figures, whether by printing, engraving, writing or otherwise. But when the signature of any person is required, it must be in his own proper handwriting, or his mark, attested, proved, or acknowledged." Code 1931, 2-2-10 (c).

The last half of this section must be here considered. What bearing does it have on this case? In our judgment, the Republican clerk's stamped signature, at the very least, has the dignity of a mark made in lieu of a signature. As required by the quoted statute, a mark must be attested, proved or acknowledged. The mark (stamped signature) herein involved is proved by the testimony of the Republican clerk beyond peradventure. There is no denial of his testimony that he himself employed the stamp or mark as his signature, in the presence of others.

The relator relies on the case of *Kirkpatrick* v. *Deegans,* 53 W. Va. 275, 44 S. E. 465, as conclusive of the proposition that ballots must be rejected which do not carry the names of the poll clerks in their own handwriting. That case is not conclusive here for two reasons, first, because it is predicated on the old statute and not on the 1931 amendment; and, second, because, as we have shown, the use of the stamp by the Republican clerk, under the circumstances and proof, was tantamount to his writing his name.

Of course, the use of rubber stamp signatures by election officers is a practice which, if sought to be generally employed, would be out of harmony with the spirit and purpose of the election laws. It would greatly facilitate fraudulent practices. We would not approve the use of a stamp in a case where there was any doubt. But under the closely circumscribed facts of this case, we think there has been compliance with the statute in both spirit and letter.

A writ of mandamus is refused.

*Refused.*